PKAitsON, C. J.
 

 Treating the bill as a proceeding for an injunction against a private nusiance, we are of opinion that the plaintiffs, William Frizzle and Warren Frizzle, are concluded by the deeds which they executed to'Joel Patrick and Lewis Pugh, for the parcels of land on the north and south sides of the creek, for the express purpose of enabling them to erect a dam, and pond back the water in order to get a head of water sufficient to run a mill; so they cannot be beard
 
 *357
 
 to complain against their own deed. In regard to the flat, if there has been a breach of contract on the part of the defendants, the remedy at law is adequate, and certainly, a breach of contract, in that particular, is not a sufficient ground to induce a court of eqnity to interfere by its writ of injunction.
 

 In the case of a private nuisance, the rule in this Court is, that the fact of nuisance should be established by an action at law before an injunction will issue, with certain exceptions as in the case of
 
 Clark
 
 v.
 
 Lawrence,
 
 ante 83, where an issue was ordered on the fact of nuisance or no nuisance. This comes within the general rule, and we can see no ground on which to make it an exception and direct an issue, unless the rule is to be disregarded altogether. They have been paid for the privilege of erecting a mill at the site set out in the proceeding, and are concluded in respect to a
 
 jorwate nuisance.
 
 The other plaintiffs, Jesse Ilart and Charles Eogers, show no particular interest in this matter, and must stand like any other citizens, who are objecting to the erection of a public nuisance. In other words, they must file an information in the name of the Attorney General, setting forth their reasons for believing that the defendant, Patrick, is about to commit a
 
 pvMic
 
 nuisance, and making that the ground for asking the interference of this Court by its writ of injunction. Decretal order of the Court below reversed and injunction dissolved. ,
 

 Per Curiam, Decree accordingly.